DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
      v.                     )    Criminal No. 2017-24
                             )
SHALICA BAXTER,              )
                             )
            Defendant.       )
_____)

ATTORNEYS:

**Jocelyn Hewlett, Acting United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
      *For the United States of America,*

**Omodare Jupiter, FPD**
**Brendan A. Hurson, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
      *For Shalica Baxter.*

## ORDER

**GÓMEZ, J.**

Before the Court is the application of Shalica Baxter ("Baxter") to waive her speedy trial. For the reasons stated herein, the time to try this case is extended up to and including January 20, 2019.

*United States v. Baxter*
Criminal No. 2017-24
Order
Page 2

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension is necessary to allow Baxter to complete a pretrial diversion program that, if successfully completed, will result in dismissal of her charges. Second, Baxter made her request with the advice and consent of counsel. Third, without an extension, Baxter would be denied reasonable time necessary to explore plea options and prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir.

*United States v. Baxter*
Criminal No. 2017-24
Order
Page 3

1982) (holding there was no abuse of discretion where district

court found that  multiple count, multiple defendant "case was

complex and required additional time for adequate

preparation.").

    The premises considered; it is hereby

    **ORDERED** that the time beginning from the date of this order

granting an extension through January 20, 2019, shall be

excluded in computing the time within which the trial for

Shalica Baxter must be initiated pursuant to 18 U.S.C. § 3161.

S\\_____
       **Curtis V. Gómez**
       **District Judge**